■ FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for GOLDOME, Plaintiff, v 7 BROTHERS CONSTRUCTION CORP. et al., Defendants, and BROOKHILL MANAGEMENT CORP., Appellant. KENNETH G. ROBERTS, Nonparty Appellant; KENNETH S. GROSSMAN, as Receiver, Nonparty Respondent. [705 NYS2d 373] —Order and judgment (one paper), Supreme Court, New York County (Louis York, J.), entered November 15, 1999, in favor of the receiver and against defendant real estate management company in the amount of $119,623.98, inclusive of interest, costs and disbursements, sanctioning the management company's attorney in the amount of $3,500, and bringing up for review the prior orders entered on or about August 26, 1999, January 4, 1999 and September 28, 1998, unanimously affirmed, with costs.

There is no statutory or other legal requirement that a turnover application under CPLR 6401 (b), which provides that a court may authorize a receiver to collect and sell debts or claims, must be prosecuted in the form of a special proceeding. In any event, even if a special proceeding were mandated, the IAS Court had jurisdiction over all necessary parties, including appellant management company, which had repeatedly appeared in the action, and therefore could convert the action, or simply deem it to be, a special proceeding (*see, Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 653-654). We have

considered appellants' remaining arguments, including that challenging the imposition of a sanction against the management company's attorney, and find them to be without merit. Concur—Sullivan, P. J., Nardelli, Ellerin, Wallach and Andrias, JJ.